IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Walter Ricky Bellamy, ) | Case No. 8:10-cv-1103-HFF-JDA |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| v. ) | |
| ) | |
| Willie Eagleton, in his individual capacity ) | |
| as Warden of Evans Correctional ) | |
| Institution, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's and Defendant's cross-motions for summary judgment. Plaintiff, a prisoner proceeding pro se,[1] brought this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

Plaintiff filed this action on May 3, 2010, generally alleging violations of his First, Eighth, and Fourteenth Amendment rights. [Doc. 1.] On October 12, 2010, Plaintiff filed a motion for summary judgment [Doc. 30], to which Defendant filed a response in opposition on November 11, 2010 [Doc. 35]. Defendant filed a cross-motion for summary judgment on November 30, 2010. [Doc. 40.] Although Plaintiff was granted additional time

---

[1] Plaintiff, at all times relevant to this action, was in the custody of the South Carolina Department of Corrections ("SCDC") and housed at Evans Correctional Institution ("ECI"). [Doc. 1 at 2.]

to file a response to Defendant's motion for summary judgment [Doc. 47], Plaintiff failed to file a response.[2]  The cross-motions for summary judgment are now ripe for review.

## BACKGROUND

Plaintiff alleges that during six months of his solitary confinement,[3] he submitted nearly twenty requests for books to the prison library.  [Doc. 1 at 3.]  Plaintiff alleges he filed two grievances, which Defendant denied.  [*Id.*]

Plaintiff also alleges that while he was in solitary confinement, Plaintiff submitted three inmate requests to get Buddhist books from his property, and Defendant denied all three requests.  [*Id.*]  Plaintiff contends he has been treated differently from similarly situated prisoners because Defendant required Plaintiff to prove he was a Buddhist before he could possess a book on the teachings of Buddhism while in solitary confinement.  [*Id.*]  Plaintiff alleges Christian prisoners are allowed to possess a Bible without proving that they are Christians, and Muslim prisoners do not have to prove they are Muslim in order to possess a Qur'an in SMU.  [*Id.*]

Plaintiff seeks his Buddhist books out of his property and the ability to practice his religion without interference from prison officials.  [*Id.* at 4.]  Plaintiff also seeks an award of $10,001 for negligent infliction of emotional distress and $10,001 in punitive damages.  [*Id.*]

_____

[2] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court filed an order on December 1, 2010 advising Plaintiff of the dismissal/summary judgment procedure and the possible consequences if he failed to respond adequately.  [Doc. 41.]  Despite this explanation and the Court's extension of the deadline to file a response, Plaintiff elected not to respond to the motion.

[3] Plaintiff was housed in ECI's Special Management Unit ("SMU") for 367 days.  [Doc. 40-3 ¶ 4.] Plaintiff was released into ECI's general population on October 11, 2010, during the pendency of this action. [*Id.*; *see also* Doc. 32 (notifying Clerk of Court of Plaintiff's change of address from SMU to another unit within ECI).]

## APPLICABLE LAW

### Liberal Construction of Pro Se Complaint

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Requirements for a Cause of Action Under § 1983

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law.  Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements:

(1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the

United States" and (2) that the defendant "deprived [him] of this constitutional right under

color of [State] statute, ordinance, regulation, custom, or usage."  *Mentavlos v. Anderson*,

249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action"

requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured
> by the Constitution are protected only against infringement by
> governments.  This fundamental limitation on the scope of
> constitutional guarantees preserves an area of individual
> freedom by limiting the reach of federal law and avoids
> imposing on the State, its agencies or officials, responsibility
> for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653,

658 (4th Cir. 1998)) (internal citations and quotation marks omitted).  Nevertheless, "the

deed of an ostensibly private organization or individual" may at times be treated "as if a

State has caused it to be performed."  *Brentwood Acad. v. Tenn. Secondary Sch. Athletic

Ass'n*, 531 U.S. 288, 295 (2001).  Specifically, "state action may be found if, though only

if, there is such a 'close nexus between the State and the challenged action' that seemingly

private behavior 'may be fairly treated as that of the State itself.'"  *Id.* (quoting *Jackson v.

Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).  State action requires both an alleged

constitutional deprivation "caused by the exercise of some right or privilege created by the

State or by a rule of conduct imposed by the State or by a person for whom the State is

responsible," and that "the party charged with the deprivation must be a person who may

fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

A determination of whether a private party's allegedly unconstitutional conduct is fairly

attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct

of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51

(quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows
> that there is no genuine dispute as to any material fact and the
> movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would

affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such

that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When

determining whether a genuine issue has been raised, the court must construe all

inferences and ambiguities against the movant and in favor of the non-moving party.

*United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating

to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the

non-moving party, to survive the motion for summary judgment, may not rest on the

allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must

demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this

standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson,* 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.  Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

Liberally construing the Complaint and Plaintiff's other submissions to the Court, the Court has determined Plaintiff presents three claims: (1) denial of the Eighth Amendment right to be free from cruel and unusual punishment, (2) denial of the First Amendment right

of free exercise of religion, and (3) denial of equal protection of the law under the Fourteenth Amendment.  Plaintiff has requested two forms of relief, injunctive and monetary.  As explained below, the Court finds Plaintiff's claims are moot to the extent he requests injunctive relief and are barred to the extent he requests monetary relief; therefore, the Court recommends that Defendant's motion for summary judgment be granted.

**Injunctive Relief**

Plaintiff's claims are moot to the extent he is seeking injunctive relief because he is no longer in SMU.  *See Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248–49 (4th Cir. 2005).  "[A] case is moot when the issues presented are no long 'live' or the parties lack a legally cognizable interest in the outcome."  *Powell v. McCormack*, 395 U.S. 486, 496 (1969).  One strand of the mootness doctrine addresses claims involving acts that are "capable of repetition, yet evading review."  *See Weinstein v. Bradford*, 423 U.S. 147, 148 (1975).  Outside of a class action, the "capable of repetition, yet evading review" doctrine is limited to situations involving the combination of two elements: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again."  *Id.* at 149.  As to the second element, the Supreme Court has held,

> . . . [W]e are nonetheless unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws. We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction as well as

7

> exposure to the challenged course of conduct said to be
> followed by petitioners.
>      . . . [W]e can only speculate whether respondents will
> be arrested, either again or for the first time, for violating a
> municipal ordinance or a state statute, particularly in the
> absence of any allegations that unconstitutional criminal
> statutes are being employed to deter constitutionally protected
> conduct.

*O'Shea v. Littleton*, 414 U.S. 488, 497 (1974).  Therefore, the "reasonable expectation" element is not satisfied if, to be subjected to the same action, the plaintiff would have to violate presumably valid laws.

Here, Plaintiff's claims evade review because his stay in SMU was temporary—i.e., the deprivation of Plaintiff's rights resulting from his stay in SMU was too short to be fully litigated before Plaintiff returned to the general population of ECI.[4]  However, to be subjected to the same alleged deprivation of his constitutional rights, Plaintiff would have to return to SMU, which would require Plaintiff to break presumably valid rules regulating ECI prisoners' conduct.  Consequently, Plaintiff's claim is not "capable of repetition," as that phrase has been interpreted by the Supreme Court, and Plaintiff's claim for injunctive relief is moot.

**Monetary Relief**

Damages represent a "legally cognizable interest" in the outcome of a case, *see Slade*, 407 F.3d at 248, therefore, Plaintiff's claim for monetary relief is not moot. However, the Court notes that Plaintiff's prayer for relief expresses his claim for monetary

---

[4] Plaintiff returned to the general population on October 11, 2010 [Doc. 40-3 ¶ 4], approximately five months after he filed this action [*see* Doc. 1].  When he was released to the general population, all of Plaintiff's books were returned to him.  [Doc. 40-3 ¶ 6; *see also* Doc. 40-3 at 3 (inmate property inventory with Plaintiff's signature indicating all inventoried items were returned to him in good order on October 11, 2010).]

damages as follows: "10,001[.]00 award for negligent infliction of emotional distress. $10,001[.]00 in punitive damages." [Doc. 1 at 4.] Plaintiff's use of the phrase "negligent infliction of emotional distress" suggests Plaintiff is bringing his claims for monetary relief under the South Carolina Tort Claims Act ("SCTCA"). *See* S.C. Code Ann. §§ 15-78-10 through -220; *see also Smith v. Ozmint*, 394 F. Supp. 2d 787, 792 (D.S.C. 2005) (stating that because the plaintiff's negligence and common law libel claims failed to allege intent to harm or actual malice, the plaintiff's claims failed to come within the exceptions to the SCTCA, and therefore, the plaintiff's sole remedy was under the SCTCA). In contrast, Plaintiff uses language to describe his claims that suggests he brought this action pursuant to only 42 U.S.C. § 1983. [*See* Doc. 1 at 3 ("I feel as though I have been treated dissimilar to similarly situated persons[,] that my constitutional rights have been violated [and] I have been denied equal protection and denied due process.").] Plaintiff is proceeding pro se and the Court must liberally construe the Complaint; therefore, the Court concludes Plaintiff's claims for monetary relief were brought pursuant to § 1983 because the only reference in the Complaint suggesting a tort claim is found in Plaintiff's prayer for relief. Consequently, the Court analyzes Plaintiff's claims for monetary relief only under § 1983.

Defendant argue he is entitled to summary judgment because Plaintiff fails to allege any physical injury. The Court agrees. Under the Prisoner Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Court is aware of divergent views on the meaning of this section of the PLRA. Some courts hold § 1997e(e) does not apply to certain types of claims, such as those brought under the First Amendment. *See, e.g.*,

*Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998) ("The deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred.  Therefore, § 1997e(e) does not apply to First Amendment Claims regardless of the form of relief sought."  (footnote omitted)).  *Contra Harris v. Garner*, 216 F.3d 970, 984–85 (11th Cir. 2000) ("Section 1997e(e) unequivocally states that '*No* Federal Civil Action may be brought . . . ,' and 'no' means no.  The clear and broad statutory language does not permit us to except any type of claims, including constitutional claims."  (internal citation omitted) (emphasis in original)).

Other courts have held § 1997e(e) is a limitation only on damage recovery—although the courts are not in agreement as to the extent of the limitation on damages—and does not entirely bar claims for which no physical injury is alleged.  *See , e.g.*, *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) ("We disagree with the reasoning in [cases] which would make application of the statute contingent on the nature of the plaintiff's allegedly infringed rights. . . . The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional."); *Davis v. District of Columbia*, 158 F.3d 1342, (D.C. Cir. 1998) (holding that § 1997e(e) does not bar declaratory and injunctive relief or punitive damages and stating that "much if not all of Congress's evident intent would be thwarted if prisoners could surmount § 1997e(e) simply by adding a claim for punitive damages and an assertion that the defendant acted maliciously"); *Meade v. Plummer*, 344 F. Supp. 2d 569, 573 (E.D. Mich. 2004) (analyzing cases from various United States Courts of Appeals and concluding, "Section 1997e(e) .

. . serves to limit the damages prisoners can recover by restricting compensation for mental or emotional injuries to those instances in which the prisoner can show physical injury. The plain language of the statute does not require dismissal of constitutional claims in which no physical injury is present, since nominal and punitive damages may be recovered in cases, such as this, where First Amendment violations are alleged.").

The Fourth Circuit has not addressed the scope of § 1997e(e) in a published opinion—the Court is aware of only one published Fourth Circuit opinion even mentioning § 1997e(e), briefly stating that the section "limits recovery for mental and emotional injuries," *Alexander S. v. Boyd*, 113 F.3d 1373, 1380 (4th Cir. 1997) (holding PLRA limitations on attorneys' fees applied to all orders awarding attorneys' fees entered after effective date of PLRA, regardless of when the work was performed), *abrogated by Martin v. Hadix*, 527 U.S. 343 (1999).  In *Evans v. Welch*, the court noted in a footnote that because it had limited jurisdiction in the case, it did not consider the effect of § 1997e(e) on the case.  213 F.3d 631, 2000 WL 432390, *1 n.2 (4th Cir. 2000) (per curiam) (unpublished table opinion).  However, the court characterized § 1997e(e) as "bar[ring] suits by prisoners absent a showing of physical injury."  *Id.*  Similarly, in *Mayfield v. Fleming*, the Fourth Circuit held the plaintiff's claim for damages was barred because the plaintiff could not show a physical injury.[5]  32 F. App'x 116 (4th Cir. 2002) (per curiam) (unpublished opinion).  Further, in *Perkins v. Dewberry*, the court stated that "de minimis physical injuries cannot support a claim for mental or emotional injury" and concluded that

---

[5] The Fourth Circuit concluded in *Mayfield* that the district court properly granted summary judgment against the plaintiff because the plaintiff's claim for injunctive relief was moot—the plaintiff was no longer at the facility were the alleged wrong occurred—and the plaintiff's claim for monetary relief was barred.  32 F. App'x 116.  The Court finds Plaintiff's ability to obtain relief on his claims is therefore similar to the plaintiff's ability to obtain relief in *Mayfield*.

the plaintiff's mental anguish claim was meritless because his injuries were de minimis.[6]

139 F. App'x 599 (4th Cir. 2005) (per curiam) (unpublished opinion).

Even these few Fourth Circuit opinions mentioning § 1997e(e) offer support for two different interpretations of § 1997e(e). While the court's statement in *Alexander S.* could support the view that § 1997e(e) is a limitation only on damages and not a complete bar to a claim for mental or emotional damages when the plaintiff cannot show a physical injury, *Alexander S.* addresses the PLRA's limitations on attorneys' fees, and the Fourth Circuit's statement regarding § 1997e(e) is brief and is only part of a list of the limitations imposed by the PLRA. *See Alexander S.*, 113 F.3d 1373. This Court finds the Fourth Circuit's statements in *Evans*, *Mayfield*, and *Perkins* support the view that § 1997e(e) bars claims for mental and emotional injuries when the plaintiff cannot demonstrate more than a de minimis physical injury, and this is the view consistently expressed by the Fourth Circuit.[7] Therefore, the Court must determine whether Plaintiff can demonstrate more than

---

[6] The Court notes that the Fourth Circuit used the blanket word "injuries" when it concluded the plaintiff's injuries were de minimis—the court did not delineate between physical, emotional, and mental injuries. *See Perkins*, 139 F. App'x 599. However, read in context, the Court finds it reasonable to conclude the Fourth Circuit meant the plaintiff's physical injuries were de minimis, and therefore, the plaintiff's mental anguish claim was meritless because the plaintiff did not have the "physical injury" required under § 1997e(e) to support a claim for mental injury.

[7] The Court reiterates that the Fourth Circuit has not addressed the scope of 42 U.S.C. § 1997e(e) in a published opinion and has only fleetingly addressed § 1997e(e) in unpublished opinions. However, the Court finds *Evans*, *Mayfield*, and *Perkins* provide enough guidance for the Court to rely on these Fourth Circuit opinions in making its recommendation, rather than relying on decisions from other circuit courts. *But see infra* note 8. The Court notes its interpretation of Fourth Circuit cases addressing § 1997e(e) is at odds with at least one case from the District of South Carolina, which held § 1997e(e) barred recovery of compensatory damages without a showing of physical injury but did not preclude recovery of punitive and nominal damages. *Green v. Padula*, 2007 WL 895484, at *2 (D.S.C. Mar. 21, 2007).

a de minimis physical injury to support his claim for damages resulting from emotional distress.[8]

The Court finds that even taking Plaintiff's allegations as true, Plaintiff cannot demonstrate more than a de minimis physical injury. Plaintiff alleges he was denied library books, denied Buddhist books, and treated differently from other prisoners in that he was required to be recognized as a Buddhist before he could receive Buddhist books in SMU. [*See* Doc. 1 at 3.] Plaintiff also specifically requests damages for the "negligent infliction of emotional distress." [Id. at 4.] Nothing in the Complaint suggests Plaintiff sustained any type of physical injury. Additionally, even though he was advised of the consequences of failing to respond and granted additional time to respond, Plaintiff failed to respond to Defendant's motion for summary judgment.[9] Therefore, Plaintiff is not entitled to monetary relief because his claim for damages is based on emotional distress without a showing of physical injury, and the Court recommends Defendants' motion for summary judgment be granted.

---

[8] In reviewing the Fourth Circuit cases this Court was able to locate, the Fourth Circuit has not addressed whether § 1997e(e) applies to certain constitutional claims that typically do not involve physical injury, such as First Amendment claims. However, the Fourth Circuit's view that § 1997e(e) bars claims of mental and emotional injury when the plaintiff cannot demonstrate more than a de minimis injury suggests the Fourth Circuit would likely embrace a broad interpretation of § 1997e(e), such as the interpretation embraced by the Eleventh Circuit in *Harris*. *See Harris*, 216 F.3d at 984–85 ("Section 1997e(e) unequivocally states that '*No* Federal Civil Action may be brought . . . ,' and 'no' means no. The clear and broad statutory language does not permit us to except any type of claims, including constitutional claims." (internal citation omitted) (emphasis in original)).

[9] As stated above, in his motion for summary judgment, Defendant argued he was entitled to summary judgment because Plaintiff failed to demonstrate any physical injury as required by 42 U.S.C. § 1997e(e).

## <u>RECOMMENDATION</u>

Wherefore, based upon the foregoing, the Court recommends that Defendant's motion for summary judgment [Doc. 40] be GRANTED and Plaintiff's motion for summary judgment [Doc. 30] be DENIED.

IT IS SO RECOMMENDED.

<u>s/Jacquelyn D. Austin</u>
United States Magistrate Judge

July 21, 2011
Greenville, South Carolina